IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUBREY JUAN WILLIAMS, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:13-cv-611-M-BN |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Aubrey Juan Williams, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay and abate the proceedings until he can fully exhaust state remedies. *See* Dkt. Nos. 1 & 3. For the reasons stated herein, Petitioner's motion [Dkt. No. 3] should be denied and his petition [Dkt. No. 1] should be dismissed without prejudice for failure to exhaust state remedies.

**Background**

On May 13, 2005, Petitioner was found guilty of aggravated robbery of an elderly person and sentenced to 80 years imprisonment. He was permitted leave to file an out-of-time appeal, and his conviction was affirmed on direct appeal. *See Williams v. Texas*, No. 05-10-464-CR, 2011 WL 5027495 (Tex. App. – Dallas, Oct. 24, 2011, no pet.). Petitioner also filed an application for state post-conviction relief. The application was

denied without written order. *See Ex parte Williams,* WR-22,235-04 (Tex. Crim. App. June 13, 2012). Petitioner filed a second application for state post-conviction relief, which is currently pending before the Texas Court of Criminal Appeals. *See Ex parte Williams*, WR-22,235-05 (Tex. Crim. App.).

Petitioner then filed this action in federal district court, claiming that he received ineffective assistance of counsel at trial and on appeal. *See* Dkt. No. 1 at 6-9. He requests stay and abeyance of his federal case until the Texas Court of Criminal Appeals rules on his state habeas application. *See* Dkt. No. 3.

## Legal standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 518-22 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

The United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance

notwithstanding his failure to fully exhaust state remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005). Such a motion is appropriate in limited circumstances, so that a petitioner may fully exhaust available remedies where there is "reasonable confusion about whether a state filing would be [considered] timely" so as to toll the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id* at 416-17.

**Analysis**

Petitioner's second application for state post-conviction relief remains pending, and his claims have not been considered by the Texas Court of Criminal Appeals. *See* Dkt. No. 1 at 12; Dkt. No. 3 at 2. Because Petitioner has apparently not fully presented his claims to the highest available state court, he has failed to exhaust state remedies. *See, e.g., Holden v. Thaler,* No. 3:10-cv-656-G, 2010 WL 2303254, at *1-*2 (N.D. Tex. May 6, 2010), *rec. adopted,* 2010 WL 2303252 (N.D. Tex. June 4, 2010) (dismissing federal habeas petition as unexhausted where state writ was pending in the state convicting court).

Petitioner alleges that, because the AEDPA's limitations period would have expired on December 28, 2012 had he not filed his second state habeas petition on or about December 13, 2012, he fears that his claims will be prescribed soon after his state writ is denied. *See* Dkt. No. 3 at 2. However, a properly filed application for state post-conviction relief, even if successive, tolls the statute of limitations period under the AEDPA. *See Mathis v. Thaler,* 616 F.3d 461, 472 (5th Cir. 2010). That is, Petitioner's first and second state habeas petitions, if properly filed, would toll the one-

year federal limitations period.

In addition, Texas has no limitations period for a state habeas application under article 11.07 of the Texas Code of Criminal Procedure, so Petitioner's <u>state</u> habeas application will not be considered untimely. *Wright v. Thaler,* No. 3:11-cv-1084-K-BH, 2011 WL 2678923, at *3 n.1 (N.D. Tex. June 15, 2011), *rec. adopted,* 2011 WL 2679003 (N.D. Tex. July 7, 2011). A "petitioner with notice that his claims are, in fact, still pending in state court has no reason to run to federal court and file a federal habeas petition." *Id.* at *3 (quoting *Williams v. Thaler,* 400 F. App'x 886, 892 (5th Cir. 2010)) (denying motion to stay and abate where petitioner would have five days left on the AEDPA clock after his applications are decided); *see also Jones v. Thaler,* No. 3:12-cv-1031-B-BD, 2012 WL 4900924 (N.D. Tex. Oct. 1, 2012), *rec. adopted,* 2012 WL 4903173 (N.D. Tex. Oct. 16, 2012). Because Petitioner has no reason to believe that his Texas habeas applications do not entitle him to statutory tolling, his motion to stay and abate is unnecessary to protect his ability to file a timely federal habeas petition once his state remedies are fully exhausted.

Accordingly, his motion to stay and abate should be denied, and his Section 2254 petition should be dismissed without prejudice.

## Recommendation

Petitioner's motion to stay and abate [Dkt. No. 3] should be denied, and his Section 2254 petition [Dkt. No. 1] should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE